**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

JAKEL SHAMARIAN GREEN,         :
                                         :

           Plaintiff,                  :
                                         :

v.                                       :        Case No. 4:26-cv-786-CDL-ALS
                                         :

E. MOORE, *et al.*,               :
                                         :

           Defendants.           :
                                         :

---

**ORDER**

Plaintiff Jakel Shamarian Green, a prisoner at Muscogee County Prison in Columbus, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (ECF No. 1). Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint which "seeks redress from a governmental entity or officer or employee of a governmental entity." Here, Plaintiff filed his Complaint just weeks after the incident giving rise to his claims. (*See* ECF No. 1, at 5). He also admits that his grievance about the incident remains pending at the prison facility. *Id.* at 3.

It appears from the face of the Complaint that Plaintiff has not fully exhausted his administrative remedies prior to filing this lawsuit. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process **before** filing suit in federal court. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th

Cir. 2000); *see also Woodford v. Ngo*, 548 U.S. 81, 93, 95 (2006) (stating that the "benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). The Supreme Court of the United States has "held that to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'— rules that are defined not by the [Prison Litigation Reform Act], but by the grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88).

The exhaustion of available administrative remedies is a mandatory requirement and cannot be waived even when the grievance process is futile or inadequate. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Although failure to exhaust is an affirmative defense, dismissal of a complaint is warranted under the screening process set out in 28 U.S.C. § 1915A when it appears clear "on the face of the complaint" that the plaintiff failed to exhaust all available administrative remedies prior to filing suit in federal court and thereby cannot state a claim for relief. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Jones*, 549 U.S. at 215).

According to the protocol set out in Policy Number 227.02 of the Statewide Grievance Procedure of the Georgia Department of Corrections, the "warden or her designee has 40 days from the date the prisoner submitted his grievance form to deliver the warden's decision to the prisoner, with the possibility of a 'onetime, ten (10) Calendar Days-extension' if the extension is communicated to the prisoner prior to expiration of the initial 40-day deadline." *Moore v. Dooly SP Warden*, No. 22-10453,

2

2023 WL 5927138, at *4 (11th Cir. Sept. 12, 2023).[1] Even if it is presumed that Plaintiff filed a grievance on the same day as the March 29, 2026 incident, then only thirty-one (31) days passed prior to Plaintiff filing this civil action on May 1, 2026.[2] Plaintiff has not demonstrated that he allowed prison officials the time mandated in the Statewide Grievance Procedure to respond to his grievance, much less that Plaintiff has appealed any failure to respond to his grievance or denial of his grievance. *See Daker v. Ford*, No. 7:20-CV-113 (LAG), 2025 WL 3248396, at *4 (M.D. Ga. Aug. 18, 2025), *report and recommendation adopted sub nom. Daker v. Toole*, 2026 WL 910219 (M.D. Ga. Mar. 31, 2026) (noting that the Georgia Department of Corrections Grievance Procedure outlines that an inmate can appeal the denial of a grievance to the Central Office and "an inmate may appeal if the Warden fails to respond to the Original Grievance within the time allowed for a response."); *Coates v. Swint,* No. 5:25-cv-88-MTT-ALS, 2026 WL 1643248, at *2 (M.D. Ga. Apr. 8, 2026) (noting that Georgia Department of Corrections Standard Operating Procedures requires prisoner to file appeal of original grievance to Central Office where commissioner has 120 calendar days to deliver decision on appeal), *recommendation adopted* 2026 WL 1639242 (M.D. Ga. June 5, 2026).

---

[1] The Court can take judicial notice of other sources including appellate opinions and this Court's prior orders in other civil actions that have been dismissed for failure to exhaust administrative remedies upon examination of Department of Corrections policies and procedures. *See, e.g., Wells v. Brown*, 58 F.4th 1347, 1357 n.2 (11th Cir. 2023) (quoting *347 Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)) ("[T]he 'face' of the complaint . . . mean[s] 'the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on [r]ule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (third alteration in original)).

[2] Although the Court received Plaintiff's Complaint on May 6, 2026, he signed it on May 1, 2026. (ECF No. 1, at 6). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id*.

3

Therefore, an initial review of Plaintiff's Complaint reveals that his claims may be dismissed for failure to exhaust administrative remedies prior to filing suit thereby failing to state a claim for which relief may be granted. *See Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (stating that if "the plaintiff's failure to exhaust appears on the face of the complaint . . . [then] . . . the plaintiff has failed to state a claim."); *McKeithen v. Jackson*, 606 F. App'x 937, 939 (11th Cir. 2015) (citing *Johnson v. Meadows*, 418 F.3d 1152, 1158-59 (11th Cir. 2005)) ("The filing of a civil suit without properly exhausting all available administrative remedies is a procedural misstep that is fatal to the underlying case.").

If after being advised of the exhaustion doctrine, Plaintiff realizes he has filed his lawsuit too early, then Plaintiff can request that the Court dismiss his Complaint without prejudice so that he may refile once he has completed the grievance process.[3] However, if Plaintiff believes he did exhaust his administrative remedies prior to filing this lawsuit, he must now supplement his Complaint with the steps he took to properly complete the prison grievance procedure including the dates he submitted his written documents and any attempts to appeal his grievance to the Central Office.

### CONCLUSION

Based on the foregoing, it appears that Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit; therefore, his Complaint is subject to dismissal. Accordingly, Plaintiff is **ORDERED** to supplement his Complaint with the steps he took to exhaust his administrative remedies with the prison system before initiating this civil

---

[3] Rule 41 of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).

action. Alternatively, if Plaintiff has not completed the grievance and appeal process, he may notify the Court and request a dismissal without prejudice to allow him time to fully exhaust his administrative remedies before refiling his claims. Plaintiff shall have **FOURTEEN (14) DAYS** of the date of this Order to comply. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's pleadings.** There will be no service of process in this case until further order.

**SO ORDERED**, this 11th day of June, 2026.

s/ ALFREDA L. SHEPPARD
UNITED STATES MAGISTRATE JUDGE

5